# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| SUMNER COUNTY, TENNESSEE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SUSAN SMALL-HAMMER, ) <br> ) <br> Defendant ) <br> ) <br> SUSAN SMALL-HAMMER, ) <br> ) <br> Counter Plaintiff, ) <br> ) <br> SUMNER COUNTY, TENNESSEE, ) <br> ) <br> Counter Defendant. ) | No. 3:17-cv-00150 <br> Chief Judge Sharp |

## M E M O R A N D U M

Pending before the court is plaintiff Sumner County, Tennessee's motion to remand this matter to the Circuit Court for Sumner County, Tennessee (Docket No. 4), to which defendant Susan Small-Hammer, acting *pro se* and *in forma pauperis*, has responded in opposition (Docket No. 6).

Sumner County filed a complaint against Small-Hammer on August, 31, 2016, in the Circuit Court for Sumner County. (Docket No. 1, Attach.). Small-Hammer filed an answer and counterclaim on September 29, 2016. (*Id*.) Sumner County filed a motion to dismiss Small-Hammer counterclaim, to which Small-Hammer responded in opposition. (*Id.*) The Sumner County Circuit Court dismissed Small-Hammer's counterclaim by order entered on December 13, 2016. Small-Hammer filed a Notice of Removal to this court on January 20, 2017. (*Id*.)

"The right of removal of a suit from state court to federal court is a statutory right." *Regis*

1

*Assocs. v. Rank Hotel (Management), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990)(citing 28 U.S.C. § 1441).  A notice of removal shall be filed within 30 days after receipt by the defendant, by service or otherwise, of a copy of the initial pleading setting forth the claim for relief.  28 U.S.C. § 1446(b).  The goal of the removal time period is to give defendants an adequate amount of time to file a notice of removal.  *Nicholstone Cos., Inc. v. ECAM Publications, Inc.*, 742 F. Supp. 432, 433 (M.D. Tenn. 1990).

The right to remove a case may be waived by a party, although the waiver must be clear and unequivocal.  *City of Cleveland v. Ameriquest Mortgage Securities, Inc.*, 615 F.3d 496, 501 (6th Cir. 2010)(citation omitted); *Ellora's Cave Publ'g v. Dear Author Media Network, LLC*, No. 5:14CV2331, 2015 WL 106062 (N.D. Ohio Jan. 7, 2015).  "In determining what acts constitute a 'clean and unequivocal' intent to waive a right to remove, courts have generally found that preliminary matters, such as filing an answer, will not suffice."  *See, e.g., Ellora's Cave Publ'g,* 2015 WL 106062 (N.D. Ohio Jan. 7, 2015) (stipulation to continue TRO hearing, serving subpoenas, requesting depositions of plaintiffs before TRO hearing, and procuring declarations from third-party witnesses); *Bolivar Sand Co., Inc. v. Allied Equipment, Inc.*, 631 F. Supp. 171, 173 (W.D. Tenn. 1986)(citing *Estevez-Gonzales v. Kraft, Inc.,* 606 F. Supp. 127 (S.D. Fla. 1985)(answer, motion for extension of time, service of interrogatories); *Gore v. Stenson*, 616 F. Supp. 895 (S.D. Tex. 1984)(answer); *Adams v. Lederle Laboratories,* 569 F. Supp. 234 (W.D. Mos. 1983)(motion to set aside class certification); *Bedell v. H.R.C. Limited,* 522 F. Supp. 732 (E.D. Ky. 1981)(motion to abate and dismiss); *Beasley v. Union Pac. R. Co.,* 497 F. Supp. 213 (D. Neb. 1980)(motion to vacate temporary restraining order); *Haun v. Retail Credit Co.*, 420 F. Supp. 859 (W.D. Pa. 1976)(answer); *Baker v. Nat'l Boulevard Bank*, 399 F. Supp. 1021 (N.D. Ill. 1975)(motion to vacate preliminary injunction); *Kemp v. Utah Constr. & Mining Co.*, 225 F. Supp. 250 (D. Or. 1963)(motion for change

of venue)).

However, "affirmative defensive actions, such as filing of cross-claims or permissive counterclaims, have been found to waive a defendant's right to remove." *Bolivar Sand Co., Inc.*, 631 F. Supp. at 173 (finding that motions for directed verdict and mistrial waived right to remove). *See e.g.*, *Harris v. Brooklyn Dressing Corp.*, 560 F. Supp. 940 (S.D. N.Y. 1983)(permissive counterclaim); *George v. Al-Saud*, 478 F. Supp. 773 (N.D. Cal. 1979)(permissive counterclaim); *Baldwin v. Perdue, Inc.*, 451 F. Supp. 373 (E.D. Va. 1978)(cross-claim). Actions that may result in a disposition on the merits of the state court action, in whole or in part, also have been found to evidence the requisite intent. *See e.g.*, *Kiddie Riddes USA, Inc. v. Elektro-Mobiltechnik GMBH*, 579 F. Supp. 1476 (C.D. Ill. 1984)(motion to vacate order of attachment); *In re 73rd Precinct Station House,* 329 F. Supp. 1175 (E.D. N.Y. 1971)(motion to vacate notice of taking); *Southwest Truck Body Co. v. Collins*, 291 F. Supp. 658 (W.D. Mos. 1968)(petition for writ of prohibition following denial of motions to quash contempt citations and to dissolve injunctions). As one court explains:

> The critical factors in determining whether a particular defensive action in the state court should operate as a waiver of the right to remove is the defendant's intent in making the motion. If the motion is made only to preserve the *status quo ante* and not to dispose of the matter on its merits, it is clear that no waiver has occurred. On the other hands, if a motion seeks a disposition, in whole or in part, of the action on its merits, the defendant may not attempt to invoke the right to remove after losing on the motion.

*Bolivar Sand Co., Inc.*, 631 F. Supp. at 173.

The party seeking removal bears the burden of establishing its right to removal. *Byrd v. Tenn. Wine & Spirits Retailers, Ass'n*, No. 3:16-cv-02738, 2017 WL 67993, at * 3 (M.D. Tenn. Jan. 6, 2017)(Sharp, J.). The removal statute is to be strictly construed, with all doubts resolved against removal. *Id.* On a motion to remand, the defendants bears the burden of establishing that removal was proper. *Atkinson v. Morgan Asset Mgmt., Inc.,* 664 F. Supp.2d 898, 902 (W.D. Tenn. 2009).

In its motion to remand, Sumner County first contends that Small-Hammer filed her Notice of Removal late. Indeed, she filed her Notice of Removal 113 days after filing her answer and over 30 days after receiving notice of the complaint. Thus, her Notice of Removal is late. *See* 28 U.S.C. § 1446(b).

Sumner County also contends that Small-Hammer waived her right to removal by her actions in state court prior to filing her Notice of Removal. Small-Hammer argues that, because her state court case is "still open" and the judge has not heard any argument from her or the defendant regarding the defendant's original complaint, she "could not have fully participated in a case that has yet to be heard." (Docket No. 6 at p. 3). However, before informing the state court of her intent to remove, Small-Hammer answered the Sumner County's original complaint and filed a counterclaim. Small-Hammer briefed and argued against Sumner County's motion to dismiss the counterclaim, and the state court ruled in Sumner County's favor. Many if not most of the facts pertinent to the counterclaim are facts pertinent to the original complaint filed by Sumner County. It was only after Sumner County's motion to dismiss the counterclaim had been granted that Small-Hammer announced her intent to remove. Having lost that motion, Small-Hammer may not now "appeal" the state court's decision by removal.

The court finds, therefore, that Small-Hammer waived her right to remove by her affirmative defensive actions in the state court. Accordingly, Sumner County's motion to remand will be granted.

An appropriate order will be entered.

_Kevin H. Sharp_
Kevin H. Sharp
Chief United States District Judge